FILED

2016 JUL 29  AM 9:58

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

| | |
|---|---|
| Kristin J. Hilton<br>*Plaintiff,*<br><br>vs<br><br>IC SYSTEMS, INC.<br>*Defendant,* | Case No 6:16-CV-1366-Orl-40TBS<br><br>Judge _____<br><br>Trial by Jury Demanded |

## ORIGINAL COMPLAINT

### JURISDICTION

1. Jurisdiction of this Court arises under 28 U.S.C §1331 and pursuant to 47 U.S.C. § 227(b)(3).

2. This is an action for damages brought by an individual Plaintiff for Defendant's violations of the Telephone Consumer Protection Act 47 U.S.C. § 227 (TCPA).

3. All conditions precedent to the bringing of this action have been performed.

### PARTIES

4. Plaintiff in this lawsuit is Kristin J. Hilton, a natural person, who resides in Seminole County, Florida.

5. Defendant IC SYSTEMS, INC. (IC) is a debt collection company with offices located at 444 Highway 96E. St Paul MN 55127, and upon information and belief is authorized to do and is doing business in the State of Florida.

6. IC is in the business of collecting consumer debts using the mail and telephone and regularly collects, or attempts to collect, consumer debts owed, or alleged to be owed, to another person.

## VENUE

7. The occurrences which give rise to this action occurred in Seminole County, Florida and Plaintiff resides in Seminole County, Florida.

8. Venue is proper in the Middle District of Florida, Orlando Division.

## FACTUAL ALLEGATIONS

9. Beginning on or about July 31, 2012 Plaintiff began receiving calls on her wireless cellular phone, 321-377-5525, which originated from 208-758-0230. Said number is a number known to be used by Defendant IC in their debt collection practices.

10. The calls made by IC to Plaintiff were placed using equipment with automatic telephone dialing system capabilities, and at times left artificial and/or pre-recorded messages to Plaintiff's wireless phone.

11. Defendant IC called Plaintiff's wireless phone twice on July 31, 2012 at 10:30 a.m. and 1:30 p.m.

12. Defendant IC called Plaintiff's wireless phone on 4 occasions on August 1, 2012 at 10:30 a.m. and 12:53, 6:58, and 8:07 p.m.

13. Defendant IC called Plaintiff's wireless phone 3 times on August 2, 2012 at 8:45 a.m., 2:45 p.m., and 7:06 p.m.

14. Defendant IC called Plaintiff's wireless phone again on 4 occasions on August 3, 2012 at 8:08 and 11:53 a.m. and 2:33 and 5:43 p.m.

15. Defendant IC called Plaintiff's wireless phone twice on August 4, 2012 at 8:09 a.m. and 2:10 p.m.

16. Defendant IC called Plaintiff's wireless phone twice on August 6, 2012 at 11:22 a.m. and 5:33 p.m.

17. Defendant IC called Plaintiff's wireless phone twice on August 7, 2012 at 10:00 a.m. and 5:22 p.m.

18. Defendant IC called Plaintiff's wireless phone on 3 occasions on August 8, 2012 at 8:24 a.m. and at 4:14 and 8:32 p.m.

19. Defendant IC called Plaintiff's wireless phone once on August 9, 2012 at 7:23 p.m.

20. Defendant IC called Plaintiff's wireless phone twice on August 10, 2012 at 8:22 a.m. and 12:19 p.m.

21. Defendant IC called Plaintiff's wireless phone 4 occasions on August 13, 2012 at 8:45 a.m., 5:20 p.m., 6:14 p.m., and 8:49 p.m.

22. Defendant IC called Plaintiff's wireless phone 3 occasions on August 14, 2012 at 3:18, 6:03, and 8:23 p.m.

23. Defendant IC called Plaintiff's wireless phone 3 occasions on August 15, 2012 at 8:50 a.m. and 4:02 and 7:45 p.m.

24. Defendant IC called Plaintiff's wireless phone once on August 16, 2012 at 4:17 p.m.

25. Defendant IC called Plaintiff's wireless phone once on August 17, 2012 at 9:32 a.m.

26. Defendant IC called Plaintiff's wireless phone twice on August 18, 2012 at 10:54 a.m. and 2:48 p.m.

27. Defendant IC called Plaintiff's wireless phone once on August 20, 2012 at 3:34 p.m.

28. The calls made to Plaintiff's wireless cellular phone were not for an emergency purpose and were made without the express consent of Plaintiff.

29. Defendant IC called several times per day and at times the calls were inconvenient to Plaintiff. Plaintiff documented the 40 calls listed above in handwritten notes made at or near the time the calls were received. Plaintiff also believes there were additional calls which she intends to identify through discovery *See* Exhibit "A".

30. The Plaintiff has never had any business with IC and has never given IC consent to call her wireless cellular phone number.

31. Plaintiff sent a Notice of Intent to Litigate to IC on December 31, 2013 in an attempt to resolve this issue and mitigate damages prior to filing this lawsuit. According to USPS it was received by Defendant on January 3, 2013. IC failed to respond. *See* Exhibit"B".

32. Plaintiff sent a second letter with a copy of a Complaint to IC on January 14, 2014, in another attempt to resolve this issue. Plaintiff corresponded with IC for several weeks in January and February 2014, where IC denied it violated the TCPA.

34. Plaintiff attempted one final time to contact IC's legal counsel via e-mail on or about July 25, 2016, in attempt to resolve these issues, with no response from Defendant.

## COUNT I

## VIOLATION OF THE TELEPHONE CONSUMER PROTECTION ACT (TCPA), 47 U.S.C. § 227

34. Plaintiff repeats and re-alleges each and every allegation stated above.

35. Plaintiff brings this action pursuant to 47 U.S.C. § 227(b)(1)(A)(iii) for the following:

36. IC called Plaintiff's cell phone between the dates of July 31, 2012 and August 20, 2012 from 208-758-0230 on at least 40 separate occasions, using an automatic telephone dialing system

and, at times left artificial and/or pre-recorded messages, without Plaintiff's prior express consent.

37. The TCPA provides a private right of action as stated in **47 U.S.C. § 227, (b)(3)**

> **(b)(3) PRIVATE RIGHT OF ACTION** – A person or entity may, if otherwise permitted by the laws or rules of court of a State, bring in an appropriate court of that State-
>
> **(A)** an action based on a violation of this subsection or the regulations prescribed under subsection to enjoin such violation,
>
> **(B)** an action to recover for actual monetary loss from such a violation, or to receive $500 in damages for each such violation, whichever is greater, or
>
> **(C)** both such actions. If the court finds that the defendant willfully or knowingly violated this subsection or the regulations prescribed under this subsection, the court may, in its discretion, increase the amount of the award to an amount equal to not more than 3 times the available under subparagraph (B) of this paragraph.

**WHEREFORE**, Plaintiff prays for relief and judgment for damages against Defendant, IC, for statutory damages of $500.00 for the first call and $1500 per call for any additional calls as willful and knowing violations pursuant to 47 U.S.C. § 227b(3), any attorney's fees, and costs incurred in this action and for any further relief the Court deems just and proper.

### DEMAND FOR TRIAL BY JURY

Plaintiff hereby demands a trial by jury of all issues so triable as a matter of law.

Dated: July 28, 2016

Respectfully Submitted,

Kristin J. Hilton
106 Clear Lake Circle
Sanford, Florida 32773
321-377-5525
hiltonkristin@yahoo.com