UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

KRISTIN J. HILTON,

    Plaintiff,

v.                                     NO.: 6:16-cv-01366-ORL-40TBS

I.C. SYSTEM, INC.,

    Defendant.
_____/

## ANSWER, AFFIRMATIVE DEFENSES AND JURY DEMAND

COME NOW, Defendant I.C. SYSTEM, INC., ("Defendant"), by and through their undersigned counsel, and hereby answer Plaintiff's Complaint as follows:

1. Admitted for jurisdictional purposes only; otherwise denied.

2. Admitted that the TCPA states what it states; otherwise denied.

3. Defendant is without knowledge sufficient to determine the veracity of the allegations contained in this paragraph and therefore denies and demands strict proof thereof.

4. Defendant is without knowledge sufficient to determine the veracity of the allegations contained in this paragraph and therefore denies and demands strict proof thereof.

5. Admitted that Defendant has an office located at such address, and is authorized to do business in Florida; otherwise, Defendant is without knowledge sufficient to determine the veracity of the allegations contained in this paragraph and therefore denies and demands strict proof thereof.

6. Admitted only that Defendant is in the business of collecting debt, and that it at times use the mail and telephone to collect debts; otherwise, Defendant is without knowledge

Case 6:16-cv-01366-PGB-TBS   Document 10   Filed 09/19/16   Page 2 of 6 PageID 41

2 | P a g e

sufficient to determine the veracity of the allegations contained in this paragraph and therefore denies and demands strict proof thereof.

7. Defendant is without knowledge sufficient to determine the veracity of the allegations contained in this paragraph and therefore denies and demands strict proof thereof.

8. Defendant is without knowledge sufficient to determine the veracity of the allegations contained in this paragraph and therefore denies and demands strict proof thereof.

9. Defendant is without knowledge sufficient to determine the veracity of the allegations contained in this paragraph and therefore denies and demands strict proof thereof.

10. Denied.

11. Defendant is without knowledge sufficient to determine the veracity of the allegations contained in this paragraph and therefore denies and demands strict proof thereof.

12. Defendant is without knowledge sufficient to determine the veracity of the allegations contained in this paragraph and therefore denies and demands strict proof thereof.

13. Defendant is without knowledge sufficient to determine the veracity of the allegations contained in this paragraph and therefore denies and demands strict proof thereof.

14. Defendant is without knowledge sufficient to determine the veracity of the allegations contained in this paragraph and therefore denies and demands strict proof thereof.

15. Defendant is without knowledge sufficient to determine the veracity of the allegations contained in this paragraph and therefore denies and demands strict proof thereof.

16. Defendant is without knowledge sufficient to determine the veracity of the allegations contained in this paragraph and therefore denies and demands strict proof thereof.

17. Defendant is without knowledge sufficient to determine the veracity of the allegations contained in this paragraph and therefore denies and demands strict proof thereof.

18. Defendant is without knowledge sufficient to determine the veracity of the allegations contained in this paragraph and therefore denies and demands strict proof thereof.

19. Defendant is without knowledge sufficient to determine the veracity of the allegations contained in this paragraph and therefore denies and demands strict proof thereof.

20. Defendant is without knowledge sufficient to determine the veracity of the allegations contained in this paragraph and therefore denies and demands strict proof thereof.

21. Defendant is without knowledge sufficient to determine the veracity of the allegations contained in this paragraph and therefore denies and demands strict proof thereof.

22. Defendant is without knowledge sufficient to determine the veracity of the allegations contained in this paragraph and therefore denies and demands strict proof thereof.

23. Defendant is without knowledge sufficient to determine the veracity of the allegations contained in this paragraph and therefore denies and demands strict proof thereof.

24. Defendant is without knowledge sufficient to determine the veracity of the allegations contained in this paragraph and therefore denies and demands strict proof thereof.

25. Defendant is without knowledge sufficient to determine the veracity of the allegations contained in this paragraph and therefore denies and demands strict proof thereof.

26. Defendant is without knowledge sufficient to determine the veracity of the allegations contained in this paragraph and therefore denies and demands strict proof thereof.

27. Defendant is without knowledge sufficient to determine the veracity of the allegations contained in this paragraph and therefore denies and demands strict proof thereof.

28. Denied.

29. Admitted that Exhibit "A" speaks for itself; otherwise Defendant is without knowledge sufficient to determine the veracity of the allegations contained in this paragraph and therefore denies and demands strict proof thereof.

30. Denied.

31. Admitted that Exhibit "B" speaks for itself; otherwise Defendant is without knowledge sufficient to determine the veracity of the allegations contained in this paragraph and therefore denies and demands strict proof thereof.

32. Defendant is without knowledge sufficient to determine the veracity of the allegations contained in this paragraph and therefore denies and demands strict proof thereof.

33. There is no paragraph 33 to Plaintiff's Complaint; therefore no response is required hereto.

34. Defendant is without knowledge sufficient to determine the veracity of the allegations contained in this paragraph and therefore denies and demands strict proof thereof.

## COUNT I

34. Defendant re-alleges paragraph 1 through 34 as if fully restated herein.

35. Admitted that Plaintiff brings her cause of action under the TCPA; denied that Plaintiff is entitled to any relief thereunder.

36. Denied.

37. Admitted that the TCPA states what it states; otherwise denied.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

Defendants assert, without admitting any liability whatsoever, that Plaintiff lacks standing as she has suffered no injury-in-fact as the result of any act or omission by Defendant.

## SECOND AFFIRMATIVE DEFENSE

Any violation of the law or damage suffered by Plaintiff was due to the affirmative actions and/or omissions of Plaintiff or others, and does not give rise to any claim of damages against Defendant.

## THIRD AFFIRMATIVE DEFENSE

Plaintiff's claims for non-economic damages are barred by the impact rule as Plaintiff has not alleged any physical impact or injury.

## FOURTH AFFIRMATIVE DEFENSE

Defendant asserts, without admitting any liability whatsoever, that the Plaintiff provided prior express consent to receiving calls made using an automated telephone dialing system and/or an artificial or prerecorded voice on his/her cellular telephone.

## FIFTH AFFIRMATIVE DEFENSE

Defendants assert, without admitting any liability whatsoever, that any violation of state law was unintentional and the result of a bona fide error, notwithstanding reasonable procedures in place to prevent such errors.

## JURY DEMAND

Defendants hereby demand a trial by jury on all issues so triable.

Respectfully submitted by:

/s/ Dale T. Golden
/s/ Charles J. McHale
**GOLDEN SCAZ GAGAIN, PLLC**
Dale T. Golden, Esquire
FBN:  0094080
Charles J. McHale, Esquire
FBN:  0026555
201 North Armenia Avenue
Tampa, FL 33609
Phone:  813-251-5500
Email: dgolden@gsgfirm.com
Email: cmchale@gsgfirm.com
Attorneys for Defendants

## CERTIFICATE OF SERVICE

I hereby certify that on September 19, 2016, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF.  I also certify that the foregoing document is being served this day on all counsel either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing:

**PRO SE**
Kristin J. Hilton
106 Clear Lake Circle
Sanford, Florida 32773

/s/ Charles J. McHale
**GOLDEN SCAZ GAGAIN, PLLC**
Charles J. McHale, Esquire
FBN:  0026555