UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

KRISTIN J. HILTON,

      Plaintiff,

v.                                     NO.: 6:16-cv-01366-ORL-40TBS

I.C. SYSTEM, INC.,

      Defendant.

_____/

**DEFENDANT'S RESPONSE TO PLAINTIFF'S**
**MOTION TO COMPEL DEFENDANT'S DISCOVERY RESPONSES**

COMES NOW, Defendant, I.C. System, Inc. ("ICS" and/or "Defendant"), by and through its undersigned counsel, and hereby files this Response to Plaintiff's Amended Motion to Compel Defendant's Discovery Responses, and states the following in support thereof:

**I.      Factual Background / Procedural History.**

This case involves allegations that Defendant violated the Telephone Consumer Protection Act, 47 U.S.C. § 227 *et seq.* ("TCPA"). *See,* DE 1, generally. Plaintiff's allegations are simple and have little to merit: 1) Plaintiff alleges that ICS placed calls to her cellular telephone using an automatic telephone dialing system and/or pre-recorded messages; and 2) Plaintiff never had any business dealings with ICS and never provided ICS to call her cellular telephone. However, Plaintiff sought dental services from her provider, provided her cellular telephone number directly to the dental provider, failed to pay all or a portion of the bill, and thus provided ICS consent to call her cellular telephone number.

On February 2, 2017, Plaintiff served Defendant with written discovery requests consisting of interrogatories, requests for production, and requests for admission. On or around May 17, 2017, Plaintiff filed served Defendant with a second set of requests for production.

**II.     Legal Standard.**

Federal Rule of Civil Procedure 26(b) governs the scope of discovery. That rule provides, in relevant part, that "[p]arties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit." Fed.R.Civ.P. 26(b)(1).

"[D]iscovery, like all matters of procedure, has ultimate and necessary boundaries." *Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 351 (1978). "Under Rule 26, the Court must determine whether the discovery sought is (1) unreasonably cumulative or duplicative, or is obtainable from some other source that is more convenient, less burdensome, or less expensive; (2) the party seeking discovery has had ample opportunity by discovery in the action to obtain the information sought; or (3) the burden or expense of the proposed discovery outweighs its likely benefit, taking into account the needs of the case, the amount in controversy, the parties resources, the importance of the issues at stake in the litigation, and the importance of the proposed discovery in resolving the issues." *Tardif ex rel. Yerk v. People for the Ethical Treatment of Animals*, 2:09-CV-537-FTM-29, 2011 WL 2413630, at *1 (M.D. Fla. June 13, 2011)(Chappell, J.) "Once the resisting party meets its burden, the burden shifts to the moving

party to show the information is relevant and necessary." *Viking Yacht Co. v. Affiliated FM Ins. Co.*, 07-80341-CIV, 2008 WL 8715540, at *1 (S.D. Fla. Feb. 7, 2008).

The Supreme Court has recognized that a district court's local rules "have the force of law." *Hollingsworth v. Perry*, 558 U.S. 183, 191 (2010); *Castro v. Dir., F.D.I.C.*, 449 F. App'x 786, 788 (11th Cir. 2011); *see also, Royal Bahamian Ass'n, Inc. v. QBE Ins. Corp.*, 744 F. Supp. 2d 1297, 1302 (S.D. Fla. 2010)(recognizing the concern that if a court "ignore[s]…clear-cut violations of the local rule…it will send an improper and unfortunate message: that lawyers can violate the local rules with impunity and not worry.")

### III.  Arguments.

#### a.  Plaintiff's Motion fails to comply with Local Rule 3.01(a)

Local Rule 3.01(a) states:

> In a motion or other application for an order, the movant shall include a concise statement of the precise relief requested, a statement of the basis for the request, and a memorandum of legal authority in support of the request

Local Rule 3.01 sets forth the framework for filing a motion before the Court. "In a motion or other application for an order, the movant shall include a concise statement of the precise relief requested, a statement of the basis for the request, and a memorandum of legal authority in support of the request." M.D. Fla. R. 3.01(a).  *C.P. v. Collier Cty.*, No. 2:15-CV-238-FTM-29CM, 2016 WL 2898324, at *2 (M.D. Fla. May 18, 2016).  Plaintiff's motion fails to include a concise statement of the precise relief request, a statement for the basis for the request, and any memorandum of legal authority in support of the request.  As such, Plaintiff's Motion must be denied.

### b.   Plaintiff fails to Comply with Local Rule 3.04(a)

Local Rule 3.04(a) states:

> A motion to compel discovery pursuant to Rule 36 or Rule 37, Fed.R.Civ.P., shall include quotation in full of each interrogatory, question on deposition, request for admission, or request for production to which the motion is addressed; each of which shall be followed immediately by quotation in full of the objection and grounds therefor as stated by the opposing party; or the answer or response which is asserted to be insufficient, immediately followed by a statement of the reason the motion should be granted

The Supreme Court has recognized that a district court's local rules "have the force of law." *Hollingsworth v. Perry*, 558 U.S. 183, 191 (2010); *Castro v. Dir., F.D.I.C.*, 449 F. App'x 786, 788 (11th Cir. 2011); *see also, Royal Bahamian Ass'n, Inc. v. QBE Ins. Corp.*, 744 F. Supp. 2d 1297, 1302 (S.D. Fla. 2010)(recognizing the concern that if a court "ignore[s]…clear-cut violations of the local rule…it will send an improper and unfortunate message: that lawyers can violate the local rules with impunity and not worry.")

Plaintiff's motion fails to comply with Local Rule 3.04(a).  Further and more specifically, Plaintiff's failure to articulate which specific discovery responses are at issue and a reason as to why Plaintiff believes that Defendant's objection and/or response is inadequate to each specific discovery requests makes it impossible for Defendant to adequately respond to Plaintiff's Motion.  As such, Plaintiff's Motion to Compel must be denied.

### c.   Defendant's Interrogatories need not be answered under oath.

Federal Rule of Civil Procedure 33 states as follows:

> (b) Answers and Objections.
>
> > (3) *Answering Each Interrogatory.* Each interrogatory must, to the extent it is not objected to, be answered separately and fully in writing under oath.

(5) *Signature.* The person who makes the answers must sign them, and <u>the attorney who objects must sign any objections</u>.

Plaintiff submitted to Defendant her first set of Interrogatories. Defendant objected to Plaintiff's Interrogatories. Rule 33 of the Federal Rules of Civil Procedure requires that each interrogatory shall be answered separately and fully in writing under oath, unless it is objected to, in which event the reasons for objection shall be stated in lieu of an answer. *See, E.E.O.C. v. Treadwell Ford, Inc.*, No. 7650-73-P, 1973 WL 270, at *1 (S.D. Ala. Nov. 5, 1973). It is the Defendant's attorney who makes and is responsible for the objection, not the individual (corporate) defendant. The interrogatories as signed for at the end: As to objections: <u>/s/ Charles J. McHale.</u> As such, Defendant has complied with the Federal Rules of Civil Procedures in responding to Plaintiff's Interrogatories.

### d. Defendant has produced certain documents relative to Plaintiff's discovery request.

Defendant did not withhold producing any documents in response to Plaintiff's discovery request. Defendant did provide Plaintiff with a copy of her patient intake form in which she provided her dental provider her cellular telephone number. Moreover, Defendant provided Plaintiff a copy of its account history notes, which details all activities that Defendant undertook relative to the attempted collection of Plaintiff's account, the fact that there were no actual conversation between Defendant and Plaintiff, and that Plaintiff never revoked the prior express consent she provided to the dental provider (and Defendant). *See,* Exhibit A.

### e. Defendant's objection to Plaintiff's Requests for Admissions are proper as Plaintiff's Requests for Admissions are beyond the Scope of FRCP 36.

Contrary to Plaintiff's assertions, Defendant's objections to Plaintiff's Requests for Admission are well founded.  Defendant objected to Plaintiff's Request for Admission 1 through 6 on the following grounds:

1) that the requests call for a legal conclusion. Defendant cited the following cases:*In re Tobkin*, 578 Fed. Appx. 962, 964 (11th Cir. 2014)("A party may not request an admission of a legal conclusion under Rule 36"); *Maryland Cas. Co. v. Shreejee Ni Pedhi's, Inc.*, 3:12-CV-121-J-34MCR, 2013 WL 3353319, at *3 (M.D. Fla. July 2, 2013)("The rule is not designed to discover facts, but to obtain admission of facts as to which there is no real dispute and which the adverse party can admit without qualification.")

2) that the Requests as it sought an admission on an issue central to Plaintiff's liability claim in this case and as such, is contrary to the purpose of Rule 36.  Defendant cited the following cases that stands for such a proposition:  *F.D.I.C. v. B & A Title Services Corp.*, 12-24258-CIV, 2013 WL 5814506 (S.D. Fla. 2013) ("Rule 36 is a time-saver, designed 'to expedite the trial and to relieve the parties of the cost of proving facts that will not be disputed at trial.'")(citing *Perez v. Miami-Dade County*, 297 F.3d 1255, 1268 (11th Cir. 2002)).

As it is clear that Plaintiff's Requests for Admission 1 through 6 seek legal conclusions and also requests admissions as to central issues in the case, such requests are clearly objectionable, and Defendant's objections must be upheld.

**f.   Contrary to plaintiff's assertions, her Second Requests for Production never defines "ATDS".**

In paragraph 15e of her motion, Plaintiff asserts that "Defendant objected to Plaintiff's requests for production as there wasn't a specific timeframe in the Requests, yet when Plaintiff resubmitted these Requests, Defendant then objection for lack of definitions.  The definition of ATDS was listed in the discovery provided by Plaintiff."  *See,* DE 22-5 at ¶15e.  Defendant has again examined Plaintiff's Second Requests for Production, Exhibit "E" to her Motion, and nowhere in that document does Plaintiff defined the term ATDS.  As such, Plaintiff's Motion must be denied.

**g.   Defendant's specific objections regarding policies and procedures regarding compliance with the TCPA must be sustained.**

In the requests for production, Plaintiff seeks information and documentations concerning Defendant's manuals, internal documents, and policies and procedures related to compliance with the TCPA. Such information is not discoverable in this case as the TCPA provides for strict liability.  *See, Alea London Ltd. v. Am. Home Services, Inc.*, 638 F.3d 768, 776 (11th Cir. 2011).

The TCPA prohibits any person from "mak[ing] any call (other than a call made for emergency purposes or made with the prior express consent of the called party) using any automatic telephone dialing system [ ("ATDS") ] or an artificial or prerecorded voice ... to any telephone number assigned to a ... cellular telephone service...." 47 U.S.C. § 227(b)(1)(A)(iii). "A party who is contacted in violation of the TCPA may recover, for each such violation, the greater of his or her actual monetary losses or $500 in damages, *see* 47 U.S.C. § 227(b)(3)(B), and may recover treble damages for any knowing or willful violations, *see* 47 U.S.C. § 227(b)(3)(C)." McBeth v. Credit Prot. Ass'n, L.P, 8:14-CV-606-T-36AEP, 2015 WL 4429324, at *2 (M.D. Fla. 2015).

"The requirement of 'willful[ ] or knowing[ ]' conduct requires the violator to know he was performing the conduct that violates the statute. *Lary v. Trinity Physician Fin. & Ins. Services*, 780 F.3d 1101, 1107 (11th Cir. 2015).  "Accordingly, to establish a "knowing" or "willful" violation under the TCPA, a plaintiff must prove that the defendant knew, for example, that it did not have consent to call the plaintiff's cellular phone number." *McBeth v. Credit Prot. Ass'n, L.P,* 8:14-CV-606-T-36AEP, 2015 WL 4429324, at *3 (M.D. Fla. 2015).

Moreover, Defendant did not just object to Plaintiff's Requests for Production #5 on grounds that it sought confidential and/or trade secret information, but also on the following grounds:  Objection. Defendant objects to this request on the grounds that it is vague and overly broad, harassing, creates an undue burden on Defendant, and seeks irrelevant information not proportional to the needs of this case. Plaintiff has failed to limit this request in scope to any reasonable time period or to the alleged collection efforts at issue thereby rendering this request overly broad and unduly burdensome. *Martin v. Global Mktg. Research Services, Inc.*, 614CV1290ORL31KRS, 2015 WL 6083537, at *3 (M.D. Fla. Oct. 15, 2015)("Plaintiffs' request is overbroad insofar as it does not incorporate any time period for the requested information."). Plaintiff's failure to limit this request in scope to information relevant to the allegations at issue further renders this request overly broad and unduly burdensome. See, e.g., *Douglas v. Kohl's Dept. Stores, Inc.*, 615CV1185ORL22TBS, 2016 WL 1637277, at *4 (M.D. Fla. Apr. 25, 2016)(denying plaintiff's motion to compel all emails sent between defendant's employees concerning the TCPA).  Defendant also objects to the extent that Plaintiff is requiring Defendant to make legal conclusions.

For the above-referenced reasons, Plaintiff's motion to compel must be denied.

WHEREFORE Defendant respectfully requests an order from this honorable Court DENYING Plaintiff's Motion to Compel Defendant's Discovery Responses.

Respectfully submitted by:

/s/ Charles J. McHale
**GOLDEN SCAZ GAGAIN, PLLC**
Dale T. Golden, Esquire
FBN:  0094080
Charles J. McHale, Esquire
FBN:  0026555
201 North Armenia Avenue
Tampa, FL 33609
Phone:  813-251-5500
Email: dgolden@gsgfirm.com
Email: cmchale@gsgfirm.com
Attorneys for Defendants

## CERTIFICATE OF SERVICE

I hereby certify that on July 19, 2017, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF.  I also certify that the foregoing document is being served this day on all counsel either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing:

**PRO SE**
Kristin J. Hilton
106 Clear Lake Circle
Sanford, Florida 32773

/s/ Charles J. McHale
**GOLDEN SCAZ GAGAIN, PLLC**
Charles J. McHale, Esquire
FBN:  0026555