UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

KRISTIN J. HILTON,

    Plaintiff,

v.                                                        Case No:   6:16-cv-1366-Orl-40TBS

IC SYSTEMS, INC.,

    Defendant.

## ORDER

This case comes before the Court without oral argument on Plaintiff's Motion to Compel Defendant to Provide Better Responses to Plaintiff's Interrogatories, Admissions, and Requests for Production (Doc. 22). Defendant has filed a response in opposition to the motion (Doc. 25), and the dispute is ripe for resolution.

*Pro se* Plaintiff Kristin J. Hilton alleges that Defendant IC Systems, Inc., is a debt collector which used an automatic telephone dialing system to phone her at least forty times without her prior consent, in violation of the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227(b)(1)(A)(iii) (Doc. 1, ¶¶ 5, 10, 36). Defendant denies liability and affirmatively alleges that "Plaintiff provided prior express consent to receiving calls made using an automated telephone dialing system and/or artificial or prerecorded voice on his/her cellular telephone." (Doc. 10 at 5).

Plaintiff propounded four interrogatories, eight requests for admission, and five requests for production to Defendant (Doc. 22-1 at 2-14). Defendant objected to almost all of this discovery (Doc. 22-2 at 2-17). In an attempt to resolve some of Defendant's objections, Plaintiff submitted a proposed Stipulated Confidentiality Agreement to which

Defendant did not agree (Doc. 22-4), and served three additional requests for production which included time frames (Doc. 22-5). Defendant objected to two of the three additional requests (Doc. 22-6 at 5). Now, Plaintiff seeks an order compelling Defendant to respond fully to her written discovery (Doc. 22 at 4).

Defendant argues that the motion should be denied because it does not comply with Local Rule 3.01(a) which requires that motions contain "a concise statement of the precise relief requested, a statement of the basis for the request, and a memorandum of legal authority in support of the request …." Plaintiff is subject to the same law and rules of court as litigants who are represented by counsel. Moon v. Newsome, 863 F.2d 835, 837 (11th Cir. 1989). That said, district courts apply a "less stringent standard" to the pleadings submitted by *pro se* plaintiffs and the Court is unaware of any law prohibiting the extension of that "less stringent standard" to motion practice. See Eidson v. Arenas, 910 F. Supp. 609, 612 (M.D. Fla. 1995) (citations omitted). Accordingly, to the extent that Plaintiff's arguments have merit, the Court will allow her some leeway. See Neitzke v. Williams, 490 U.S. 319, 327-331 (1989). Although sparse, Plaintiff's motion does include citations to applicable rules of civil procedure (Doc. 22, ¶¶ 6, 13-14), and she clearly seeks an order compelling "Defendant to respond fully and adequately" to her written discovery (Id., at 4).

Next, Defendant argues that Plaintiff's motion does not satisfy Local Rule 3.04(a) because it does not identify the specific discovery that is at issue or the reasons why Plaintiff responses are not adequate (Doc. 25 at 4).[1] According to Defendant, this has

---

[1] Local Rule 3.04(a) states:

> A motion to compel discovery pursuant to Rule 36 or Rule 37,
> Fed.R.Civ.P., shall include quotation in full of each interrogatory, question
> on deposition, request for admission, or request for production to which the

made it "impossible for it to adequately respond to Plaintiff's Motion." (Id.). This assertion is simply not true and it will not be used as a basis for denying Plaintiff's motion to compel.

Plaintiff complains that Defendant's answers to her interrogatories are not signed under oath by a corporate representative (Doc. 22, ¶ 6). But, as Defendant notes, it objected to all of the interrogatories, and its attorney signed the objections (Doc. 25 at 4-5). This is appropriate under FED. R. CIV. P. 33(b)(3)-(5). Therefore, Plaintiff's motion is **DENIED** in this regard.

Plaintiff protests Defendant's reliance on boilerplate objections in response to all of her written discovery (Doc. 22, ¶¶ 8, 15.a). Defendant prefaced its responses to Plaintiff's discovery with a "Preliminary Statement" and "General Objections" all of which are generalized, boilerplate reservations and objections (Doc. 22-1 at 2-4, 7-9, 13-16). The reservations are unnecessary and the objections "'are inadequate and tantamount to not making any objection at all.'" Liguria Foods, Inc. v. Griffith Lab., Inc., No. C 14-3041-MWB, 2017 U.S. Dist. LEXIS 35370, at *36 (N.D. Iowa Mar. 13, 2017) (quoting Jarvey, Boilerplate Discovery Objections, 61 Drake L. Rev. 913, 916 (2013)). They serve no purpose other "than to waste the reader's time." See Polycarpe v. Seterus, Inc., No. 6:16-cv-1606-Orl-37TBS, 2017 WL 2257571, at *1-2 (M.D. Fla. May 23, 2017) (collecting

---

motion is addressed; each of which shall be followed immediately by quotation in full of the objection and grounds therefor as stated by the opposing party; or the answer or response which is asserted to be insufficient, immediately followed by a statement of the reason the motion should be granted. The opposing party shall then respond as required by Rule 3.01(b) of these rules.

cases). Accordingly, all of Defendant's reservations and general objections are **OVERRULED**.

Defendant also interposed boilerplate objections in response to specific discovery requests. Defendant objected to interrogatory number 4 and each of Plaintiff's requests for production numbered 1-5, 7 and 8 "on the grounds that [they are] vague and overly broad, harassing, create[] and undue burden on Defendant, and seek[] irrelevant information not proportional to the needs of this case" (Doc. 22-2 at 5, 16-17). These objections are improper. "The grounds for objecting to an interrogatory must be stated with specificity." FED. R. CIV. P. 33(b)(4). The federal rules require a party objecting to requests for production to: (1) "state with specificity the grounds for objecting to the request, including the reasons;" (2) "state whether any responsive materials are being withheld on the basis of that objection;" and (3) if the objection is only made to part of a request, "specify the part and permit inspection of the rest." FED. R. CIV .P. 34(b)(2)(B)-(C). Now, all of these objections are **OVERRULED**. The problem for Plaintiff is that Defendant asserted additional objections to this discovery which she failed to address in her motion.

Defendant interposed identical objections to each of Plaintiff's first six requests for admissions:

> 1. Admit that IC System, Inc. called Plaintiff's wireless phone number xxx-xxx-5525 using an Automatic Telephone Dialing System.
>
> 2. Admit that IC System, Inc. called Plaintiff's wireless phone number xxx-xxx-5525 using artificial and/or prerecorded voice.
>
> 3. Admit that Defendant placed the calls at issue in this lawsuit to xxx-xxx-5525 using telephone equipment that had the capacity to store numbers to be dialed.

> 4. Admit that Plaintiff never provided Defendant with express written consent to call Plaintiff's wireless phone.
>
> 5. Admit that Plaintiff never provided Defendant with express written consent to call Plaintiff's wireless phone using ATDS equipment or an artificial or prerecorded voice.
>
> 6. Admit the calls placed to xxx-xxx-5525 by Defendant between July 31, 2012 and August 20, 2012 were not manually dialed.
>
> [Repeated] Response:
>
> Objection. Defendant objects to this request on the grounds that it calls for a legal conclusion. In re Tobkin, 578 Fed. Appx. 962, 964 (11th Cir. 2014) ("A party may not request an admission of a legal conclusion under Rule 36"); Maryland Cas. Co. v. Shreejee Ni Pedhi's, Inc., 3:12-CV-121-J-34MCR, 2013 WL 3353319, at *3 (M.D. Fla. July 2, 2013)("The rule is not designed to discover facts, but to obtain admission of facts as to which there is no real dispute and which the adverse party can admit without qualification.")
>
> Defendant further objects to this Request as it seeks an admission on an issue central to Plaintiffs liability claim in this case and as such, is contrary to the purpose of Rule 36. See, F.D.I.C. v. B & A Title Services Corp., 12-24258-CIV, 2013 WL 5814506 (S.D. Fla. 2013) ("Rule 36 is a time-saver, designed 'to expedite the trial and to relieve the parties of the cost of proving facts that will not be disputed at trial.'") (citing Perez v. Miami-Dade County, 297 F.3d 1255, 1268 (11th Cir. 2002)).

(Doc. 22-2 at 10-12).

Plaintiff contends that Defendant should be required to answer these requests because they concern the company's fourth affirmative defense that Plaintiff consented to receive the telephone calls she now complains about (Doc. 22, ¶15.d). Defendant asserts, without explanation, that "it is clear that Plaintiff's Requests for Admission 1 through 6 seek legal conclusions" (Doc. 25 at 6). The Court disagrees. These

requests concern facts, not legal conclusions and therefore, the objections are **OVERRULED**. Plaintiff fails to address Defendant's remaining objections based upon the decisions in the FDIC and Perez cases. Consequently, the Court makes no ruling on those objections.

Defendant objected to Plaintiff's eighth request for production as follows:

> Request 8. All evidence showing that Plaintiff, Kristin Hilton, gave Defendant, JCS, her express written consent to call her wireless phone, xxx-xxx-5525 using an Automatic Telephone Dialing System and/or an artificial or prerecorded voice prior to the first call made by Defendant in July 2012.
>
> Objection. Defendant objects to this request on the grounds that it is vague and overly broad, harassing, creates an undue burden on Defendant, and seeks irrelevant information not proportional to the needs of this case. Defendant also objects to the extent that Plaintiff is requiring Defendant to make legal conclusions as to what constitutes "express written consent" and whether the system used to place calls to telephone number 321-277-5525 is an "Automatic Telephone Dialing System". Moreover, Plaintiff fails to define the term(s) "express written consent" and "Automatic Telephone Dialing System" thereby making this request vague and overbroad. Further, Defendant has maintained that Plaintiff provided her telephone number directly to her dentist at the time of service, and that her dentist provided the telephone number directly to Defendant.

(Doc. 22-6 at 5)

Plaintiff argues that Defendant knows what an "automated telephone dialing system" is because it used that exact language in its fourth affirmative defense (Doc. 22 at ¶¶ 11, 15.e). The Court agrees. It also notes that the TCPA defines "automatic telephone dialing system." 47 U.S.C. § 227(a)(1). Accordingly, this objection is **OVERRULED**. However, Plaintiff has not contested, and the Court makes no ruling, on Defendant's remaining objections.

Defendant contends that some of the discovery Plaintiff seeks "is confidential and/or trade secret information" (Doc. 22-2 at 5). To overcome this objection, Plaintiff offered a Stipulated Confidentiality Agreement which Defendant did not sign (Doc. 22-4). Plaintiff has not sought an order compelling Defendant to execute the agreement and she has not provided any legal authority suggesting the Court has the authority to require Defendant to sign. Consequently, this is not an issue before the Court.

Although the Court has overruled many of Defendant's objections, Plaintiff failed to address all of the objections in her motion. The result is that she has won a pyrrhic victory. If the parties have any future discovery disputes, Plaintiff would be well served to address and argue all objections made by Defendant.

**DONE** and **ORDERED** in Orlando, Florida on July 21, 2017.

THOMAS B. SMITH
United States Magistrate Judge

Copies furnished to:

    Plaintiff, *pro se*
    Counsel of Record